IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CHRISTOPHER L. AMERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 324-044 |
| | ) |
| TYRONE OLIVER; RICKEY WILCOX; ANDREW MCFARLANE; and TONJA KEITH, | ) ) ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

I.   **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II.   DISCUSSION

### A.   Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

Plaintiff concedes he has previously had at least three cases dismissed as frivolous, malicious, or for failure to state a claim. (Doc. no. 1, p. 4.) A review of Plaintiff's history of filings confirms he has brought at least three actions or appeals that were dismissed and count as strikes: (1) Amerson v. Allen, No. 6:18-CV-062 (S.D. Ga. Mar. 25, 2019) (dismissed as abuse of judicial process for failure to disclose litigation history)[1]; (2) Amerson v. Allen, No. 19-11379 (11th Cir. Aug. 7, 2019) (appeal dismissed as frivolous); and (3) Amerson v. Deberry, No. 1:20-CV-3326 (N.D. Ga. Nov. 3, 2020) (dismissed for failure to state a claim). See also, e.g., Amerson v. Bland, CV 619-031 (S.D. Ga. Dec. 30, 2020) (dismissing for three strikes under § 1915(g)). Dismissal of the complaint and appeal in Amerson v. Allen both

---

[1] The Eleventh Circuit has approved imposing a strike under § 1915(g) for a dismissal based on providing dishonest information about prior filing history. Ingram v. Warden, 735 F. App'x 706, 707 (11th Cir. 2018) (*per curiam*).

count as strikes. See Daker v. Jackson, 942 F.3d 1252, 1256 (11th Cir. 2019) (explaining denial of appeal as frivolous constitutes strike); Howard v. Kraus, 642 F. App'x 940, 943 (11th Cir. 2016) (agreeing both dismissal of appeal and cases underlying the appeal each constituted strikes). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

    **B.**    **Plaintiff Does Not Qualify for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint concerns alleged use of excessive force by TSP officials when he arrived at TSP on May 9, 2024, and their failure to follow Georgia Department of Corrections Standard Operating Procedures during and after the use of force. (Doc. no. 1, pp. 7-16.) Plaintiff's complaint also raises unrelated concerns about poor ventilation and inadequate staffing at TSP. (Id. at 16-21.) Plaintiff's allegations regarding the May 9th incident fail to establish any likelihood of reoccurrence to suggest he remained in imminent danger at the time he filed his complaint. (See id. at 7-16.) As to his allegations regarding ventilation, he alleges these conditions pose a risk of harm due to his preexisting health conditions, but he also notes TSP maintenance officials are working to remedy the problem and that he has been seen twice by TSP medical personnel regarding his concerns about poor air quality. (Id. at 16-18.) Regarding his claims of insufficient staffing at TSP, he alleges he and all inmates at TSP face a risk of harm due to this "systemic safety problem" but fails to provide specific allegations indicating an imminent risk to his safety. (See id. at 19-

3

21.)  None of these allegations show he is in imminent danger of serious physical injury so as to be exempted from the three strikes rule.  See Odum v. Bryan Cnty, Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).  For these reasons, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

In summary, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 18th day of June, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA