```
                                                                    U.S. DISTRICT COURT
                                                                SOUTHERN DISTRICT OF GEORGIA
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA                       OCT 29 2024
                      DUBLIN DIVISION
                                                                          FILED
```

| | |
|---|---|
| CHRISTOPHER L. AMERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 324-044 |
| | ) |
| TYRONE OLIVER; RICKEY WILCOX; | ) |
| ANDREW MCFARLANE; and TONJA | ) |
| KEITH, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. On June 18, 2024, the Magistrate Judge recommended denying Plaintiff's request to proceed *in forma pauperis* ("IFP") and dismissing the case without prejudice because Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of 28 U.S.C. § 1915(g). (Doc. no. 3.) Objections to the Report and Recommendation ("R&R") for dismissal were due no later than July 5, 2024. (Doc. no. 4.)

Having received no objections to the R&R by the July 5th deadline, the Court adopted the R&R as its opinion on July 17, 2024. (Doc. no. 5.) On September 10, 2024, the Clerk of Court received Plaintiff's objections to the R&R via mail, which were signed and dated June 25, 2024. (Doc. no. 7.) Plaintiff also submitted financial paperwork with his objections. (Doc. no. 8.)

Although Plaintiff's objections did not reach the Court by the objection deadline, using Plaintiff's signature date of June 25, 2024, and granting him the benefit of the "mailbox rule," the Court accepts the objections. See Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming prisoner document filed on the date of delivery to prison officials for mailing); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary . . . we assume that a prisoner's motion was delivered to prison authorities on the day he signed it."). Thus, the Court **VACATES** the adoption order and judgment entered on July 17, 2024. (Doc. nos. 5, 6.)

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's R&R, to which objections have been filed. (Doc. no. 7.) The Court finds Plaintiff's objections unavailing, as Plaintiff's arguments and attached documentation confirm the Magistrate Judge's findings that Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). (Doc. no. 3.) Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's request to proceed *in forma pauperis*, (doc. no. 2), **DISMISSES** this case without prejudice, and **CLOSES** this civil action. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this 29th day of October, 2024, at Augusta, Georgia.

*/s/ Dudley H. Bowen*
UNITED STATES DISTRICT JUDGE